UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ROSENSTEIN, individually and on behalf of himself and others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>PRATT AND WHITNEY; PRATT AND WHITNEY A UNITED TECHNOLOGIES COMPANY; UNITED TECHNOLOGIES CORPORATION PRATT & WHITNEY; UNITED TECHNOLOGIES CORPORATION and DOES 1 through 50 inclusive,<br><br>          Defendants. | Case No.: 15cv2183 JM(JLB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE** |

  This order addresses the motion to strike filed by Defendants Pratt and Whitney, Pratt and Whitney A United Technologies Company, United Technologies Corporation Pratt & Whitney, and United Technologies Corporation ("Defendants"). The motion was fully briefed and found suitable for resolution without oral argument pursuant to Local Civil Rule 7.1.d.1. For the reasons set forth below, Defendants' motion to strike is granted in part and denied in part.

# BACKGROUND

Plaintiff Howard Rosenstein, individually and on behalf of himself and others similarly situated, initiated this action against Defendants in San Diego Superior Court, alleging the following six causes of action: (1) failure to provide complete access to employee payroll and personnel records pursuant to Cal. Labor Code §§ 226, 432, and 1198.5; (2) failure to pay wages/special retention incentive; (3) failure to timely pay wages due upon separation of employment; (4) violation of Cal. Labor Code § 226; (5) remedies under Private Attorney General Act (PAGA) pursuant to Cal. Labor Code §§ 2698, 2699, *et seq.*; and (6) unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17000, *et seq.* and §§ 17200, *et seq.*

Plaintiff alleges that Defendants are generally involved in the design, manufacture, and service of aircraft engines and auxiliary power units, and that he worked as a Copy Center Coordinator for them from about May 21, 1997 to March 20, 2015. (Doc. No. 1-2, ¶¶ 29, 30). In essence, Plaintiff alleges that during the applicable class period Defendants failed to pay him and other employees incentive pay and issued inaccurate pay stubs. Plaintiff defines the class as "[a]ll current and former employees who worked in the state of California from June 15, 2011 to the present . . . who received inaccurate paystubs from the Defendants." (Id. at ¶ 78). Plaintiff seeks back wages, restitution, penalties, and related remedies.

Defendants removed this case to federal court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), alleging diversity of citizenship and amount in controversy over 5,000,000. (Doc. No. 1, ¶¶ 7-19).

On October 7, 2015, Defendants filed a motion to strike. (Doc. No. 6). On November 9, 2015, Plaintiff filed an opposition. (Doc. No. 7). On November 23, 2015, Defendants filed a reply. (Doc. No 8).

///
///
///

2

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F2d. 1524, 1527 (9th Cir. 1993), rev'd on other grounds 510 U.S. 517 (1994)). However, striking the pleadings is considered "an extreme measure," and Rule 12(f) motions are therefore generally "viewed with disfavor and infrequently granted." Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)); see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (3d ed. 2010) ("Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." (footnotes omitted)).

**DISCUSSION**

Defendants' arguments will be addressed in the order presented and grouped when appropriate.

**1. PAGA Claims**

First, Defendants move to strike Plaintiff's references to representative or class claims for unpaid wages and incentive pay on the ground that Plaintiff has not properly alleged Defendants owed and failed to pay this incentive to any other employee. Second, since Defendants allege Plaintiff's representative PAGA claim is deficient, they also move to strike Plaintiff's individual PAGA claim on the ground that PAGA, by its nature, is only a representative action.

Plaintiff counters that he has alleged a representative, not a stand-alone PAGA

action.  He points to paragraphs 43 through 52 of the complaint, which allege facts regarding Defendants' alleged failure to pay incentive to Plaintiff, and then to paragraph 69, which states that "current and former employees of [Defendants] were subject to the same or substantially the same Labor Code violations by [Defendants]."  (Doc. No. 1-2, ¶¶ 43-52, 69).  Similarly, Plaintiff points to paragraphs 140(b) and 141, which specifically allege that Plaintiff is seeking to recover civil penalties and wages "on behalf of Plaintiff and other current and former represented employees."  (Id. at ¶ 140-41).

The court finds that Plaintiff's PAGA claims are not "redundant, immaterial, impertinent, or scandalous."  If Defendants' intent is to challenge the sufficiency of Plaintiff's PAGA allegations, a motion to strike is not appropriate for that purpose. Defendants' motion to strike Plaintiff's PAGA claims is denied.

**2.  PAGA Penalties**

Next, Defendants move to strike Plaintiff's references to PAGA penalties under Cal. Labor Code § 2699.  Defendants argue that Plaintiff has only alleged a PAGA representative action under 2699(a), which does not create any additional penalties beyond those set forth in the underlying statute.  Specifically, Defendants state that in addition to his individual incentive bonus allegation, Plaintiff bases his PAGA claims upon Defendants' alleged violations of Cal. Labor Code §§ 226, 226.3, 226.6, and 1198. (Doc. No. 1-2, ¶ 140).  Defendants argue that none of these sections support PAGA penalties under 2699.

First, Defendants move to strike references to 1198[1] as "immaterial."  Second, Defendants argue that § 2699(f), PAGA's only penalty provision, creates penalties only for Labor Code violations that do not otherwise carry a penalty.  Cal. Labor Code § 2699(f) ("For all provisions of this code *except those* for which a civil penalty is

---

[1] "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Cal. Labor Code § 1198.

4

specifically provided, there is established a civil penalty for a violation of these provisions . . .") (emphasis added).  Since sections 226[2], 226.3[3] and 226.6[4] all provide specific penalties, Defendants argue that section 2699 is not applicable.  Plaintiff does not address this point, but simply reasserts that he is not pursuing a PAGA claim in an individual capacity.

The court strikes references to PAGA penalties under Cal. Labor Code § 2699.  First, section 1198, which governs the maximum hours of work and the standard conditions of labor, is unrelated to Plaintiff's allegations involving incentive pay or wage statements, and is therefore "immaterial."  As such, references to section 1198 are stricken from the complaint.  Next, Defendants are correct that section 2699 is inapplicable here, as sections 226, 226.3 and 226.6 already provide penalties for Plaintiff's allegations.

In sum, Plaintiff's references to PAGA penalties under § 2299 are stricken from the complaint.

**3. References to Corporate Entities Not Named as Defendants**

Next, Defendants move to strike Plaintiff's allegations referring to entities not named as defendants in the complaint, including UTC Aerospace Systems, Hamilton

---

[2] "An employee suffering injury . . . (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Labor Code 226(e).

[3] "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation . . . ." Cal. Labor Code 226.3.

[4] "Any employer who knowingly and intentionally violates the provisions of Section 226 . . . is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court." Cal. Labor Code 226.6.

5

15cv2183 JM(JLB)

Sundstrand Corporation, Hamilton Sundstrand Power Systems, and Hamilton Sundstrand A United Technologies Company. (Doc. No. 1-2, ¶¶ 22, 24-25). Plaintiff only names the following Defendants in the caption of his complaint: Pratt and Whitney; Pratt and Whitney A United Technologies Company; United Technologies Corporation Pratt & Whitney; and United Technologies Corporation.

Plaintiff agrees to strike these allegations. References to UTC Aerospace Systems, Hamilton Sundstrand Corporation, Hamilton Sundstrand Power Systems, and Hamilton Sundstrand A United Technologies Company are thus stricken from the complaint.

**4. Demand for Attorney's Fees for the First Claim for Relief**

Defendants also move to strike Plaintiff's allegation that he is entitled to attorney's fees pursuant to Cal. Labor Code §§ 226(e) and 226(f). (Doc. No. 1-2, ¶ 104). First, Defendants correctly point out that section 226(e) provides for penalties and attorney's fees for violations of section 226(a),[5] based on an employer's failure to include certain information on wage statements, while Plaintiff has alleged violations of sections 226(b) and 226(c), for Defendants' alleged failure to timely comply with his request for personnel and pay records. (Id. at ¶¶ 96-105). Second, Defendants correctly note that section 226(f) is silent on the issue of attorney's fees.[6]

Plaintiff responds that the complaint specifically alleges he "is entitled to attorneys' fees *as provided by applicable law, including but not limited to* California Labor Code §§ 226, subdivisions (e) and (f). . . ." (Doc. No. 7, p. 7). Plaintiff claims the language used is broad enough to encompass all statutory provisions allowing for attorney's fees on viable claims. (Id.).

---

[5] "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) . . . is entitled to an award of costs and reasonable attorney's fees." Cal. Labor Code 226(e).

[6] "A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer." Cal. Labor Code § 226(f).

Whether ultimately viable or not, Plaintiff's references to sections 226(e) and 226(f) as possible vehicles for recovery of attorney's fees are neither spurious, frivolous, redundant, immaterial, nor otherwise offensive at this juncture. Issues related to attorney's fees will work themselves out at a later and more appropriate time, if necessary at all. The motion to strike the references to sections 226(e) and 226(f) in paragraph 104 is denied without prejudice to later challenge by Defendants.

### 5. Demand for Injunctive Relief

Finally, Defendants claim that Plaintiff, a former employee, lacks standing to seek injunctive or declaratory relief against Defendants. See Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2560 (2011) ("[P]laintiffs no longer employed by Wal–Mart lack standing to seek injunctive or declaratory relief against its employment practices."). Plaintiff counters that the demand for injunctive relief is appropriate and justified here as he seeks an order requiring Defendants to re-issue accurate paystubs, thereby identifying the true identity of his employer. Defendants reply that if this is in fact what Plaintiff requests, he has not pled any facts showing that he actually suffered injury that would be remedied by the re-issued statements.

The difficulty with Defendants' argument is, as discussed in Defendants' PAGA challenge, a motion to strike Plaintiff's demand for injunction is not an appropriate procedural vehicle. Defendants' motion to strike Plaintiff's demand for injunctive relief is denied.

## CONCLUSION

Defendants' motion to strike is GRANTED in part and DENIED in part. Defendants' motion to strike Plaintiff's allegations referring to (1) PAGA penalties under Cal. Labor Code § 2699, and (2) corporate entities not named as defendants is GRANTED. Defendants' motion to strike (1) references to attorney's fees under Cal. Labor Code §§ 226(e) and 226(f), (2) Plaintiff's PAGA allegations, and (3) Plaintiff's demand for injunctive relief is DENIED.

///

Defendants shall have 14 days from the date of this order to answer or otherwise respond.

IT IS SO ORDERED.

DATED: January 25, 2016

JEFFREY T. MILLER
United States District Judge